UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KIMBERLY S.,[1]

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

6:20-CV-06957-LJV
DECISION & ORDER

---

On November 10, 2020, the plaintiff, Kimberly S. ("Kimberly"), brought this action under the Social Security Act ("the Act"). She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled.[2] Docket Item 1. On September 26, 2021, Kimberly moved for judgment on the pleadings, Docket Item 10; on February 3, 2022, the Commissioner responded and cross-moved

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Kimberly applied for both Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). One category of persons eligible for DIB includes any adult with a disability who, based on her quarters of qualifying work, meets the Act's insured-status requirements. *See* 42 U.S.C. § 423(c); *see also Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989). SSI, on the other hand, is paid to a person with a disability who also demonstrates financial need. 42 U.S.C. § 1382(a). A qualified individual may receive both DIB and SSI, and the Social Security Administration uses the same five-step evaluation process to determine eligibility for both programs. *See* 20 C.F.R §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

for judgment on the pleadings, Docket Item 12; and on March 14, 2022, Kimberly replied, Docket Item 13.

For the reasons that follow, this Court grants Kimberly's motion in part and denies the Commissioner's cross-motion.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

Kimberly argues that the ALJ erred in two ways. Docket Item 10-1 at 1. First, she argues that the ALJ erred in his evaluation of the medical opinion evidence—in particular, the opinion of the Social Security consultant, Harbinder Toor, M.D. *Id.* at 6-8. Second, she argues that the ALJ improperly evaluated her subjective symptoms. *Id.* at 9. This Court agrees that the ALJ erred and, because that error was to Kimberly's prejudice, remands the matter to the Commissioner.

**I.     The ALJ's Evaluation of the Medical Opinions**

For claims filed on or after March 27, 2017, such as Kimberly's, the ALJ no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) including those from [the claimant's] medical sources." *Angela H.-M. v. Comm'r of Soc. Sec.*, – F. Supp. 3d –, 2022 WL 4486320, at *4 (W.D.N.Y. 2020) (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)) (internal quotation marks omitted). Instead, the ALJ evaluates the opinion evidence and "articulate[s] . . . how persuasive she finds the medical opinions in the case record." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)). The Code of Federal Regulations lists five factors for the ALJ to consider when evaluating a medical opinion: (1) the amount of evidence the source presents to support his or her opinion; (2) the consistency between the opinion and the record; (3) the treating provider's relationship with the claimant, including the length, frequency, purpose, and extent of the relationship; (4) the treating provider's specialization; and (5) any other factors that "that

3

tend to support or contradict" the opinion.  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).  The ALJ is always required to "explain how [he] considered the supportability and consistency factors" because they are "the most important factors," and "may, but [is] not required to, explain how [he] considered the [remaining] factors."  *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

Here, Dr. Toor examined Kimberly at the request of the "Division of Disability Determination."  Docket Item 9 at 407-08.  He opined that Kimberly had: (1) "moderate to marked limitations [in] standing, walking, squatting, bending, lifting, and carrying"; and (2) "moderate limitations" in prolonged sitting.  *Id.* at 409.  The ALJ found Dr. Toor's opinion "not persuasive."  *Id.* at 27.

The ALJ first acknowledged that Dr. Toor's opinion was "supported by [his] examination findings and explanation."  *Id*.  But the ALJ then found that the opinion was "not consistent with the record as a whole, and appear[ed] to be based primarily on [Kimberly's] own subjective complaints."  *Id.*  And the ALJ concluded that the opinion was "vague as to specific functional limitations and . . . not consistent with the overall evidence, which does not support greater limitations than light exertion with occasional climbing and postural activities."  *Id.*  The ALJ cited about a hundred pages of the record—Exhibits 7F, 6F, and 5F—in support of that conclusion.  *See id.* (citing Docket Item 9 at 513-610).

In evaluating Dr. Toor's opinion, the ALJ thus paid lip service to the consistency and supportability factors as required by sections 404.1520c and 416.920c.  But his sole reason for finding the opinion "not persuasive" was wholly conclusory.  And for that reason, remand is required.

4

More specifically, the ALJ found that Dr. Toor's opinion was not persuasive because it was "not consistent with the record as a whole . . . and . . . not consistent with the overall evidence."  See Docket Item 9 at 27.  But the ALJ did not say what in "the record as a whole" was inconsistent with the opinion, nor did he suggest what "overall evidence" undermined it.  And while he broadly cited ninety-eight pages of Kimberly's medical records that he said did "not support greater limitations than light exertion with occasional climbing and postural activities," see id., he did not explain what in those records supported the conclusions he reached.  For that reason, this Court has no way to perform the meaningful review of the ALJ's decision that it is tasked with performing.  See Craft v. Astrue, 539 F. 3d 668, 673 (7th Cir. 2008) (third alteration in original) (quoting Young v. Barnhart, 362 F. 3d 995, 1002 (7th Cir. 2004)) (holding that an ALJ "must provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled, so that ' . . . a reviewing court . . . may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review.'"); see also Laura C. v. Comm'r of Soc. Sec., 529 F. Supp. 3d 64, 71 (W.D.N.Y. 2021) (finding that meaningful judicial review was precluded where the Court was "left to speculate" as to the ALJ's reasoning).[4]

---

[4] The ALJ's failure to evaluate Dr. Toor's opinion was compounded by his similarly conclusive treatment of the opinion of M. Kirsch, M.D., a state medical consultant who never actually examined Kimberly:

> This opinion is persuasive.  Regarding supportability, this opinion is supported by a thorough summary and analysis of the available medical evidence including a detailed summary of physical examination findings and medical treatment history.  This opinion is also well supported by [Kimberly's] treatment history and mostly normal objective findings as summarized and discussed in this opinion, as more fully considered above.  In terms of consistency, this opinion is consistent with the record as a whole, giving some

5

In the Commissioner's submissions to this Court, the Commissioner tries to do the ALJ's job for him and explain what in the record led the ALJ to discount Dr. Toor's opinion. But such *post hoc* rationalizations cannot support the ALJ's conclusions. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)) ("A reviewing court 'may not accept [Defendant's] *post hoc* rationalizations for agency action.'"). In other words, the ALJ must explain why; it is not up to this Court—or the Commissioner—to figure it out afterwards.

The Commissioner also argues that any error was harmless because even if the ALJ credited Dr. Toor's limitations, Kimberly still would not be disabled. Docket Item 12-1 at 23. But "light work," which the ALJ found that Kimberly could perform, Docket Item 9 at 23, involves "lifting," including "frequent lifting or carrying of objects weighing up to 10 pounds," 20 C.F.R. §§ 404.1567(b), 416.967(b), which might well be inconsistent with Dr. Toor's opinion that Kimberly had "moderate to marked" limitations in lifting and carrying, Docket Item 9 at 409. Likewise, the ALJ found that Kimberly could occasionally stoop, crouch, balance, kneel, or crawl, *id.* at 19, which might well be inconsistent with the "moderate to marked" limitation in walking, squatting, and bending that Dr. Toor found, *id.* at 409. And it likely would be downright dangerous for someone

---

consideration to [Kimberly's] subjective complaints, and mostly normal examination findings, with some ongoing pain complaints, managed with medications (Ex. 7F; 6F).

Docket Item 9 at 27. Given that explanation and the explanation for discounting Dr. Toor's opinion, this Court has no idea why the ALJ found Dr. Toor's opinion not persuasive and Dr. Kirsch's persuasive—except that Dr. Kirsch's finding that Kimberly could perform light work was more in line with what the ALJ concluded.

who has issues with her balance as Dr. Toor found, *id.*, to climb ladders, ropes, and scaffolds even occasionally as the ALJ found Kimberly able to do, *id.* at 19.  So contrary to the Commissioner's assertion, this Court cannot find that any error in evaluating Dr. Toor's opinion was harmless.

For those reasons, remand is necessary so that the ALJ can do more than pay lip service to the requirements in sections 404.1520c and 416.920c and meaningfully evaluate the opinion evidence in light of the medical record.[5]

---

[5] The Court "will not reach the remaining issues raised by [Kimberly] because they may be affected by the ALJ's treatment of this case on remand."  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020) ("However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues.") (citations omitted).

**CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 12, is DENIED, and Kimberly's motion for judgment on the pleadings, Docket Item 10, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:    November 18, 2022
          Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE